**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4711**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES RAMON TUCKER,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:11-cr-00079-RAJ-TEM-1)

Submitted: January 30, 2018                 Decided: February 1, 2018

Before MOTZ and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Theresa A. Kennedy, Richmond, Virginia, for Appellant. Sherrie Scott Capotosto, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), James Ramon Tucker seeks to challenge his conviction and the 125-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (2006). In criminal cases, a defendant must file his notice of appeal within 14 days after the entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A)(i). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days. *See* Fed. R. App. P. 4(b)(4); *United States v. Reyes*, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered the criminal judgment against Tucker on November 14, 2011. The court later denied Tucker's 28 U.S.C. § 2255 (2012) motion, and we dismissed the appeal of that denial in 2015. *See United States v. Tucker*, 600 F. App'x 149 (4th Cir. 2015) (No. 14-7700). Tucker waited until October 24, 2016 to note an appeal from the criminal judgment against him.[*] Because Tucker failed to file a timely notice of appeal, and since Tucker has completed collateral review of the criminal judgment against him, we exercise our inherent authority to dismiss this appeal sua sponte. *See United States v. Oliver*, 878 F.3d 120, 128 (4th Cir. 2017) (holding that this court should sua sponte dismiss an untimely criminal appeal when the appeal is filed

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. *See* Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

"after the defendant has completed collateral review of the same judgment"). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*